UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael Grondahl,                )
Marc Grondahl, and               )
Chris Rondeau,                   )
    Plaintiffs            )          Docket No. _____
                                )
    v.                    )          JURY TRIAL DEMANDED
                                )
Jeffrey Innocenti,               )
Luigi LaVerghetta, and           )
James Innocenti,                 )
    Defendants.           )
_____)

## **COMPLAINT**

Michael Grondahl, Marc Grondahl, Chris Rondeau (the "Plaintiffs" or "the NH Partners") bring this Complaint against Jeffrey Innocenti, Luigi LaVerghetta, and James Innocenti (collectively the "Defendants") stating as follows:

1.    The Plaintiffs bring this action to recover damages and prevent further misappropriation of company assets as a result of the misconduct of the Defendants. The Defendants, along with the NH Partners, are members of a New Hampshire limited liability company PFNY, LLC ("PNFY" or the "Company"). PFNY, through a series of subsidiaries, operates Planet Fitness health club franchises in the greater New York metropolitan area. The Defendants have breached their fiduciary duties to the NH Partners and surreptitiously and without authorization diverted company funds by making payments to entities in which they hold beneficial or equitable interests to enhance their own coffers. There can be no genuine dispute that Defendants entered into a joint venture with and obtained an ownership interest in an entity that is the landlord of a Company subsidiary, thereby obtaining Company funds for their own benefit. Nor can there be any genuine dispute that the Defendants have a beneficial or equitable

interest in another company formed to provide fit up services for Planet Fitness franchises which receives payments directly from PFNY without disclosing the same to the NH Partners.  Such actions were done without the knowledge or authorization of the NH Partners, who own a majority interest in the company.  Moreover, such actions divert corporate funds to benefit the Defendants to the detriment of the NH Partners.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff Michael Grondahl is an individual residing at 7 Fancy Hill Rd., Madbury New Hampshire 03823.

3.      Plaintiff Marc Grondahl is an individual residing at 650 South Rd., Rye, New Hampshire 03870.

4.      Plaintiff Chris Rondeau is an individual residing at 9 Cider Hill Rd., Hampton Falls, New Hampshire 03844.

5.      Defendant Jeffrey Innocenti is an individual residing at 529 Pound Ridge Road, Bedford, New York 10506

6.      Defendant LaVerghetta is an individual residing at 860 White Plains Road, Scarsdale, New York 10583

7.      Defendant James Innocenti is an individual residing at 1291 Waring Avenue, Bronx, New York 10469.

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 in that there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in this Court pursuant to 28 U.S.C. 1391(a) as the events and omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

10.     The NH Partners and Defendants are members of PFNY, LLC, a New Hampshire limited liability company.

11.     PFNY, LLC was formed February 22, 2008 as a holding company to act as the parent entity of individual limited liability companies and/or corporations owned by the Defendants and to cause the formation of and to operate additional limited liability companies or other entities to operate health and fitness centers utilizing the Planet Fitness franchise formats.

12.     Pla-Fit Health, LLC ("Pla-Fit") owned the shares of the NH Partners prior to their acquisition of same.  Under the Amended and Restated Operating Agreement of PFNY, LLC effective October 3, 2008 (the "Operating Agreement"), Pla-Fit was to use best efforts to provide financing, equity capital and investment resources, subject to availability, to cover build-out and equipment purchases to facilitate the business plan of PFNY, LLC to open existing subsidiary entities and to open additional new fitness centers.

13.     Under the Operating Agreement, the NH Partners collectively own a 51% equity interest in PFNY, LLC and Defendants each own a 16.33% equity interest in PFNY, LLC.  The NH Partners designated a manager to represent its 51% interest, and Defendants designated Jeffrey Innocenti as a manager to represents their collective 49% ownership interest.  Moreover, the Operating Agreement requires unanimous vote of the Managers for all financial commitments for the Company and requires both Managers to be present by person or proxy to constitute a quorum for the transaction of other business.

14.     As members of PFNY, LLC, the Defendants and the NH Partners owe a series of duties to each other.  The Defendants have engaged in a course of conduct in derogation of their

fiduciary duties by concealing information from the NH Partners regarding the business relations

into which PFNY is entering and fraudulently diverting company funds to their own pockets.

15.     In or about February, 2010, Jeffrey Innocenti, on behalf of the Defendants,

without authorization by, or disclosure to, the NH Partners entered into an agreement with two

real estate companies, Crown Acquisition, Inc. d/b/a Crown Retail Services ("CRS") and

Franchise Realty, Inc. ("FRI"), to be the exclusive agents of PFNY in all future real estate

negotiations in New York, New Jersey, Dade County Florida, and Puerto Rico.

16.     Sometime after February 2010, upon information and belief, the Defendants, in

contravention of their fiduciary duties to the NH Partners, took an ownership interest in real

estate bought by CRS and leased to an entity owned by PFNY.  Specifically, Defendants took an

ownership interest in real estate located at three New York Planet Fitness locations: 490 Fulton

Street, Brooklyn; 2480 Grand Concourse, Bronx; and 2040 Forest Ave, Staten Island.

17.     The Defendants' ownership in an entity that leases property to a PFNY subsidiary

creates a direct conflict of interest because the Defendants are individually and personally

benefitting from PFNY funds being diverted to the entity in which the Defendants are believed to

hold a beneficial and/or equitable interest.

18.     Additionally, upon information and belief, the Defendants have a beneficial

and/or equitable interest in TCB Builders, LLC ("TCB"), which was formed to provide fit up

services for Planet Fitness franchise sites.  TCB is the general contractor on a number of PFNY

Planet Fitness building sites.

19.     In or around December 2011, the Defendants diverted over $150,000 from PFNY

to TCB for alleged services, all without the knowledge or consent of the NH Partners, thus

receiving additional compensation from PFNY in the form of distributions to TCB.

20.     As members of PFNY, the Defendants have a duty to act in the best interests of PFNY and the other members, specifically the NH Partners, and to deal fairly and honestly with the NH Partners.  The Defendants' intentional concealment and misappropriation of Company funds violated this duty.

21.     By reason of their position as members of the Company, the Defendants owed co-members the NH Partners fiduciary obligations of trust, loyalty, and good faith, and were required to deal with the NH Partners in a fair, just, honest, and equitable manner.  The Defendants were and are required to act in furtherance of the best interests of the Company and co-member the NH Partners so as to benefit all members equally and not in furtherance of their personal interest or benefit.

22.     Jeffrey Innoncenti, because of his position as designated manager for the Defendants, was able to, and did, directly or indirectly, exercise control over the wrongful acts complained of herein, and at all relevant times was the agent of the other Defendants.

23.     In committing the wrongful acts alleged herein, the Defendants have pursued or joined in the pursuit of a common course of conduct and have acted in concert with and conspired with one another in furtherance of their common plan or design.  In addition to the wrongful conduct alleged herein, the Defendants further aided and abetted and/or assisted each other in breach of their respective duties.

24.     During all times relevant hereto, the Defendants individually and collectively concealed and without authorization entered into an ownership interest in the landlord of an entity owned by PFNY in contravention of duties owed to the NH Partners.  Furthermore, Defendants concealed and without authorization gained an equitable or beneficial interest in a company receiving direct payments from PFNY.

25.     The Defendants engaged in a conspiracy, common enterprise and/or common course of conduct to breach their fiduciary duties, misappropriate Company funds, and unjustly enrich their own interests and positions to the detriment of the NH Partners.

26.     As a result of the Defendants' unlawful conduct, the NH Partners have suffered damages.

## COUNT I—BREACH OF FIDUCIARY DUTY

27.     The NH Partners repeat the allegations of this Complaint set forth in the paragraphs above as if set forth more fully herein.

28.     The Defendants owed and owe the NH Partners fiduciary duties as members of PFNY.  By reason of their fiduciary relationships, Defendants owe and owed the NH Partners the highest obligation of good faith, fair dealing, and loyalty.

29.     The Defendants, and each of them individually, breached their fiduciary duties of good faith, fair dealing, and loyalty by obtaining an ownership interest in the landlord of an entity owned by PFNY and by obtaining an equitable or beneficial interest in a company receiving payments directly from PFNY, all without disclosure to the NH Partners.

30.     As a direct and proximate result of the Defendants' failure to perform their fiduciary obligations, the NH Partners have been and continue to be damaged.  As a result of the misconduct alleged herein, the Defendants are liable to the NH Partners.

## COUNT II—MISAPPROPRIATION

31.     The NH Partners repeat the allegations of this Complaint set forth in the paragraphs above as if set forth more fully herein.

32.     The Defendants have purposefully taken and used Company funds in which the NH Partners have a lawful interest, for their own use and unauthorized purpose, to wit, by

obtaining an ownership interest in the landlord of an entity owned by PFNY and by obtaining an equitable or beneficial interest in a company receiving payments directly from PFNY, all without disclosure to the NH Partners.

33.     Defendants' direction of payments from PFNY to companies in which they have a financial interest constitutes misappropriation of Company funds.

34.     As a result of the Defendants' misappropriation, the NH Partners have been damaged and continue to be damaged.

## COUNT III—UNJUST ENRICHMENT

35.     The NH Partners repeat the allegations of this Complaint set forth in the paragraphs above as if set forth more fully herein.

36.     By their wrongful acts, the Defendants were unjustly enriched at the expense of and to the detriment of the NH Partners.

37.     The NH Partners seek disgorgement of all profits, benefits, or other compensation obtained by the Defendants from their wrongful acts and fiduciary breaches.

## COUNT IV—ACCOUNTING

38.     The NH Partners repeat the allegations of this Complaint set forth in the paragraphs above as if set forth more fully herein.

39.     The Defendants owed and owe the NH Partners fiduciary duties as members of PFNY and breached their fiduciary duties as set forth above.

40.     The Defendants, and each of them, possess complete and unfettered control over the records and books related to the ownership interest in the landlord of a PFNY subsidiary and TCB.

41.     As a result of Defendants' misconduct, the NH Partners have been substantially injured and damaged financially and are entitled to a recovery as a result thereof, including the proceeds of those improperly obtained ownership interests and any kickbacks received as a result of their affiliation with TCB Builders.

42.     The NH Partners demand an accounting be made of all proceeds received by Defendants as a result of any of their unauthorized ownership interests and/or misappropriation of Company funds.

## COUNT V—CONSTRUCTIVE TRUST

43.     The NH Partners repeat the allegations of this Complaint set forth in the paragraphs above as if set forth more fully herein.

44.     The Defendants owed and owe the NH Partners fiduciary duties as members of PFNY and breached their fiduciary duties as set forth above.

45.     As a result of Defendants' misconduct, the NH Partners have been substantially injured and damaged financially and are entitled to a recovery as a result thereof, including the proceeds of those improperly obtained ownership interests and any kickbacks received as a result of their affiliation with TCB.

46.     Accordingly, the NH Partners request a declaratory judgment that the proceeds received by Defendants as a result of any of their unauthorized ownership interests and/or misappropriation of Company funds be held in constructive trust for the NH Partners' benefit.

## RELIEF REQUESTED

WHEREFORE, the NH Partners respectfully request that this Court:

A.  Award judgment against the Defendants in favor of the NH Partners for the amount of damages sustained by the NH Partners as a result of the Defendants' breaches of fiduciary duties

and misappropriation in an amount to be determined at the time of trial, including costs, expenses, and attorneys' fees;

B.   Award the NH Partners equitable and/or injunctive relief, including attaching or imposing a constructive trust on or otherwise restricting the proceeds of the Defendants' ownership interests in other entities in derogation of their duties to the Company and the NH Partners;

C.   Award the NH Partners restitution from the Defendants, and ordering a disgorgement of all profits, benefits or other compensation obtained from their unlawful conduct;

D.   Award the NH Partners enhanced damages, costs, and attorneys' fees as provided by law; and

E.   Award such other and further relief as this Court may deem proper, just and/or equitable.

## JURY DEMAND

The NH Partners hereby demand a jury for all claims so triable.

Respectfully Submitted,

MICHAEL GRONDAHL,
MARC GRONDAHL, AND
CHRIS RONDEAU

By their Attorney

THE TAMPOSI LAW GROUP, P.C.

Dated:  December 27, 2011            ___/s/ Peter N. Tamposi_____
                                     Peter N. Tamposi (NH Bar No. 11375)
                                     Kristin Yasenka (NH Bar No. 15904)
                                     159 Main St.
                                     Nashua, NH 03060
                                     Tel. 603-204-5513
                                     Fax 603-204-5515
                                     peter@thetamposilawgroup.com